.(70 South. 56)

No. 21027.

PERSCHE v. PERSCHE.

(Oct. 18, 1915.    Rehearing Denied Nov. 15, 1915.)

*(Syllabus by the Court.)*

DIVORCE ⟨⟩286—SEPARATION FROM BED AND BOARD—JUDGMENT—APPEAL—AFFIRMANCE.

Where two elderly persons mutually demand an untying, or loosening, of the matrimonial knot, and the trial judge rejects their demands, and this court finds that the testimony of two dozen witnesses, as transcribed in the record, fails to make it clear that either is entitled to judgment, the conclusion of the trial judge, who saw and heard the witnesses, will be accepted, and his judgment affirmed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 769, 770;  Dec. Dig. ⟨⟩286.]

Appeal from First Judicial District Court, Parish of Caddo;  T. F. Bell, Judge.

Action by Mrs. Mabel Persche against John Persche.  From an adverse judgment, plaintiff appeals.  Affirmed.

Murff & Roberts, of Shreveport, for appellant.  B. H. Lichtenstein, of Shreveport, for appellee.

MONROE, C. J.  Plaintiff prosecutes this appeal from a judgment rejecting her demand for divorce, or, in the alternative, for separation from bed and board.  Defendant, who has reconvened, praying for a judgment of separation from bed and board, has answered the appeal, praying that the judgment of the district court be affirmed.  Defendant, when the case was tried, was 70, or 75, years of age;  plaintiff was younger. They were conducting the Phœnix Hotel, at Oil City, in the parish of Caddo;  that is to say, plaintiff was managing the hotel, and defendant was managing a farm, from which some supplies were furnished to the hotel, and, now and then, at intervals of a few weeks, or a month, he would come into the town and spend a week end at the hotel, on which occasions he is shown to have imbibed pretty freely, and there were numerous quarrels, and, it is said, fights, between him and his wife;  but it is not clear which was most at fault in the quarrels, and the evidence as to the fights is vague, save in two instances;  one, in which a witness testified that defendant knocked plaintiff down with a fire shovel;  and the other, in which a witness testified that he had seen plaintiff beating defendant, who was down, with something that looked like a picket from a fence, and that defendant was bleeding and got up and ran away, plaintiff pursuing, and declaring her intention to kill him.  The evidence in support of the charge upon which plaintiff's demand for divorce is predicated relates to a sickly woman, some 60 years of age, whose hair was sometimes gray and sometimes brown, and who was employed as a waitress in the hotel, as a matter of charity, and without wages;  but, though it suggests some suspicions, it is insufficient to support the charge.  Upon the whole, after deliberately considering the testimony of just two dozen witnesses, as transcribed in the record, we conclude that the case is one in which the opinion of the trial judge, who "saw and heard" those witnesses, should turn the scale.

The judgment appealed from is therefore affirmed.